**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30050 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-05288-RJB-1 |
| v. | |
| JAMES BARBER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted May 5, 2015
Seattle, Washington

Before: GOULD and CHRISTEN, Circuit Judges and BLOCK,[**] Senior District
Judge.

James Barber appeals his conviction for knowingly violating the Clean

Water Act, 33 U.S.C. §§ 1311(a), 1319(c)(2)(A), by opening the Paradise

Wastewater Treatment Plant's bypass valve, and thereby discharging several

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Frederic Block, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

thousand gallons of minimally treated wastewater into the Nisqually River within Mt. Rainier National Park, Washington. Barber contends that the district court erred when it did not dismiss the indictment based either on selective prosecution or entrapment by estoppel and when it refused to give his requested jury instructions on entrapment by estoppel or necessity. Barber also challenges the sufficiency of the evidence underlying his conviction. We reject all of Barber's claims and affirm his conviction.

Barber has not shown evidence of selective prosecution. "The Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (internal quotation marks omitted). Of course, the "decision whether to prosecute may not be based on an unjustifiable standard such as race, religion, or other arbitrary classification." *Id.* But Barber's unsupported assertions—that this prosecution is impelled by a desire to force him out of the National Park Service, or that it is in retribution for Barber's appeal of the Washington State Department of Ecology's decision to revoke his license to operate wastewater treatment plants—are insufficient to rebut the presumption in favor of prosecutorial regularity.

Barber also does not show error in the district court's rejection of his proposed jury instructions on necessity and entrapment by estoppel. The defense

of entrapment by estoppel applies when an authorized government official tells the defendant that certain conduct is legal, and the defendant reasonably relies on the official's statement. *United States v. Hancock*, 231 F.3d 557, 567–68 (9th Cir. 2000). Here, the record suggests that Barber was told by a prior operator of the plant how to open the bypass valve and that this was "a last resort, emergency situation." But there is no evidence indicating that an official told him what situations might qualify as a "last resort," and Barber himself told investigators that he was unaware of prior situations in which the bypass had been opened. The vague statement of the prior official is insufficient to support an entrapment defense. *See id.* at 567. Further, the statement Barber apparently relies upon was accompanied by several directions as to other procedures required to minimize the potential impact of a bypass, including connection of a chlorine disinfectant "crock," the taking of wastewater samples, and the notification of other operators by documenting all these actions in the logbook. The record shows that Barber took none of these additional steps, which discredits the argument that he acted based on his training.

Similarly, the district court did not err in rejecting Barber's necessity instruction. Barber chose not to testify, as was his right. But, the record contains no evidence by which a reasonable jury could infer that Barber "was faced with a

choice of evils and reasonably chose the lesser evil," or that "he reasonably believed there were no other legal alternatives to violating the law." *United States v. Perdomo-Espana*, 522 F.3d 983, 988 (9th Cir. 2008).

Finally, we conclude that sufficient evidence supports Barber's conviction. Evidence was presented to the jury showing that Barber was aware of the declining efficiency of the wastewater plant over the course of the summer, and aware that water exiting the plant, even after passing through all phases of wastewater treatment, was beginning to exceed targets for pollution levels. Barber concedes that he purposefully opened the bypass valves; a reasonable jury could conclude that Barber understood that his actions, which bypassed the final phase of wastewater treatment, would cause a discharge of pollutants into the Nisqually River.

**AFFIRMED.**